[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-15753
Non-Argument Calendar

_____

D.C. Docket No. 3:13-cr-00082-LC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARQUIS R. SEALS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 2, 2014)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Marquis Seals appeals his nine-month sentence, imposed after he pleaded

guilty to two counts of mail fraud, in violation of 18 U.S.C. § 1341.  Seals was

indicted, along with five codefendants, following a string of fraudulent relief

claims by Hooters Pensacola Beach employees following the BP Deepwater Horizon oil spill.  Seals personally received $17,000 from a fraudulent claim that he filed asserting that the oil spill caused him to lose bonus wages as an assistant manager.  His co-worker, Bernard Cook, was initially denied a $7,000 claim but then supplemented the denied claim with a letter from Seals written on Hooters letterhead.  Cook subsequently filed a second claim, this time for $19,040, and it was also supplemented by a fraudulent letter from Seals.  At sentencing, the district court held Seals accountable for an intended loss of $17,000 from his actions, and $26,040 from Cook's two claims, for a total intended loss of $43,040.  On appeal, Seals argues that the district court erred in attributing to him $43,040 in intended losses, because it had merely speculated that the amount that Cook requested was reasonably foreseeable to Seals.  After careful review, we affirm.[1]

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  The court may abuse its discretion if it imposes a procedurally unreasonable sentence by improperly calculating the guidelines range.  United States v. Bonilla, 579 F.3d 1233, 1245 (11th Cir. 2009).  We review a district

---

[1]    Due to the proximity of his projected release date, Marquis Seals's motion to expedite is GRANTED, to the extent that it seeks to expedite the disposition of his appeal.  However, because both parties have already submitted briefs, his motion is DENIED AS MOOT, to the extent that it seeks to expedite the briefing period.

2

court's application of the guidelines to the facts de novo.  United States v. Lamons, 532 F.3d 1251, 1268 (11th Cir. 2008).  We review a district court's factual findings -- including an amount-of-loss determination -- for clear error.  United States v. Cabrera, 172 F.3d 1287, 1292 (11th Cir. 1999).  A finding is clearly erroneous only if we are left with a definite and firm conviction that a mistake has been committed.  United States v. Almedina, 686 F.3d 1312, 1315 (11th Cir. 2012).

In a fraud case, a defendant's offense level is increased six levels if the loss was more than $30,000 but not more than $70,000, while the offense level is increased by four levels if the loss was more than $10,000 but not more than $30,000.  U.S.S.G. §2B1.1(b)(1)(C)-(D).  For the purposes of that provision, loss equals the greater of actual loss or intended loss.  U.S.S.G. § 2B1.1, comment. (n.3(A)).  "Intended loss" means the pecuniary harm that was intended to result from the offense and "actual loss" is the "reasonably foreseeable pecuniary harm that resulted from the offense."  U.S.S.G. § 2B1.1, comment. (n.3(A)(i)-(ii)).  The Sentencing Guidelines make a criminal defendant responsible for "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," as well as, in the case of joint criminal activity, "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity."  U.S.S.G. § 1B1.3(a)(1)(A)-(B).

If the district court errs in calculating the guidelines range, we must vacate the sentence, unless the error is harmless. United States v. Barner, 572 F.3d 1239, 1247 (11th Cir. 2009). An error in loss calculation is harmless if the district court would have imposed the same sentence regardless of the guidelines' recommendations on the amount of loss. United States v. Tampas, 493 F.3d 1291, 1305 (11th Cir. 2007). A loss calculation must be supported by reliable and specific evidence. United States v. Munoz, 430 F.3d 1357, 1370 (11th Cir. 2005). When a defendant fails to object to allegations of fact in a presentence investigation report ("PSI"), he admits those facts for sentencing purposes. United States v. Beckles, 565 F.3d 832, 844 (11th Cir. 2009).

Here, the district court's amount-of-loss calculation was not clearly erroneous. Cook's requests for $7,000 and $19,040 were unobjected-to facts from the probation officer's PSI, and therefore were established with specific and reliable evidence. Moreover, Cook's reasonably foreseeable conduct could be attributed to Seals, who undertook joint criminal activity with Cook, forging letters to supplement Cook's fraudulent claims. Unobjected-to facts from the PSI also showed that Seals had recovered $17,000 himself prior to Cook's second claim. The amount that Cook requested was not exorbitant -- the greater of his claims was only $2,040 more than Seals had already received. Therefore, a finding that the

4

request was reasonably foreseeable to Seals does not leave us with a "definite and firm conviction" that a mistake was made.

In any event, even if the district court had erred in its guidelines calculation, that error would have been harmless, because the district court said that Seals's sentence would be the same regardless of its ruling on his objection to the loss amount. Accordingly, we affirm Seals's sentence.

**AFFIRMED.**